# No. 25-1361

# United States Court of Appeals
### FOR THE
# Seventh Circuit

### Tanya Svoboda and
### Antonella M. Ortiz Colosi,

*Plaintiffs-Appellees,*

### v.

### Amazon.com, Inc. and
### Amazon.com Services LLC,

*Defendants-Appellants.*

**On Appeal from the United States District Court for the
Northern District of Illinois, No. 1:21-cv-005336,
District Judge Jorge L. Alonso**

# PETITION FOR REHEARING EN BANC

MORGAN, LEWIS & BOCKIUS LLP

Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.739.3000

Matthew D. Klayman
2222 Market Street
Philadelphia, PA 19103
215.963.5000

Elizabeth Herrington
  *Counsel of Record*
Alborz Hassani
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
312.324.1000

Ari Micah Selman
101 Park Avenue
New York, NY 10178
212.309.6000

*Counsel for Defendants-Appellants*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-1361

Short Caption: Svoboda, et al. v. Amazon.com Inc. et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> [ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Amazon.com Inc. and Amazon.com Services, LLC

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Morgan, Lewis & Bockius LLP

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        Amazon.com Services, LLC is wholly owned by Amazon.com Inc.  Amazon.com Inc. has no parent company.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        No publicly held company owns 10% or more of Amazon.com Inc.'s stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: /s/ Elizabeth B. Herrington      Date: December 31, 2025

Attorney's Printed Name: Elizabeth B. Herrington

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** [✔]  **No** [ ]

Address: Morgan, Lewis & Bockius LLP

110 N. Wacker Drive, Suite 2800, Chicago, IL 60606-1511

Phone Number: (312) 324-1000      Fax Number: (312) 324-1001

E-Mail Address: beth.herrington@morganlewis.com

rev. 12/19 AK

i

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: <u>25-1361</u>

Short Caption: <u>Svoboda, et al. v. Amazon.com Inc. et al.</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    ☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    <u>Amazon.com Inc. and Amazon.com Services, LLC</u>

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    <u>Morgan, Lewis & Bockius LLP</u>

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        <u>Amazon.com Services, LLC is wholly owned by Amazon.com Inc.  Amazon.com Inc. has no parent company.</u>

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        <u>No publicly held company owns 10% or more of Amazon.com Inc.'s stock.</u>

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: <u>/s/ Stephanie Schuster</u>      Date: <u>December 31, 2025</u>

Attorney's Printed Name:  <u>Stephanie Schuster</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☑   **No** ☐

Address: <u>Morgan, Lewis & Bockius LLP</u>

    <u>1111 Pennsylvania Avenue, NW, Washington, DC 20004-2541</u>

Phone Number: <u>(202) 739-3000</u>      Fax Number: <u>(202) 739-3001</u>

E-Mail Address: <u>stephanie.schuster@morganlewis.com</u>

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-1361

Short Caption: Svoboda, et al. v. Amazon.com Inc. et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

|☐| **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.** |
|---|---|

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Amazon.com Inc. and Amazon.com Services, LLC

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Morgan, Lewis & Bockius LLP

(3)    If the party, amicus or intervenor is a corporation:

  i)        Identify all its parent corporations, if any; and

            Amazon.com Services, LLC is wholly owned by Amazon.com Inc.  Amazon.com Inc. has no parent company.

  ii)       list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

            No publicly held company owns 10% or more of Amazon.com Inc.'s stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: /s/ Ari Selman                    Date: December 31, 2025

Attorney's Printed Name:  Ari Selman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ✔    **No** ☐

Address:  Morgan, Lewis & Bockius LLP

          101 Park Avenue, New York, NY 10178-0060

Phone Number:  (212) 309-6000                    Fax Number:  (212) 309-6001

E-Mail Address: ari.selman@morganlewis.com

rev. 12/19 AK

iii

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: <u>25-1361</u>

Short Caption: <u>Svoboda, et al. v. Amazon.com Inc. et al.</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
<u>Amazon.com Inc. and Amazon.com Services, LLC</u>

 

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
<u>Morgan, Lewis & Bockius LLP</u>

 

(3)     If the party, amicus or intervenor is a corporation:

    i)     Identify all its parent corporations, if any; and

        <u>Amazon.com Services, LLC is wholly owned by Amazon.com Inc.  Amazon.com Inc. has no parent company.</u>

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        <u>No publicly held company owns 10% or more of Amazon.com Inc.'s stock.</u>

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

 

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 

Attorney's Signature: <u>/s/ Matthew D. Klayman</u>     Date: <u>December 31, 2025</u>

Attorney's Printed Name: <u>Matthew D. Klayman</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☑   **No** ☐

Address: <u>Morgan, Lewis & Bockius LLP</u>

        <u>2222 Market Street, Philadelphia, PA 19103-3007</u>

Phone Number: <u>(215) 963-5000</u>     Fax Number:  <u>(215) 963-5001</u>

E-Mail Address: <u>matthew.klayman@morganlewis.com</u>

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-1361

Short Caption: Svoboda, et al. v. Amazon.com Inc. et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Amazon.com Inc. and Amazon.com Services, LLC

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Morgan, Lewis & Bockius LLP

(3)     If the party, amicus or intervenor is a corporation:

    i)       Identify all its parent corporations, if any; and

Amazon.com Services, LLC is wholly owned by Amazon.com Inc. Amazon.com Inc. has no parent company.

    ii)      list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

No publicly held company owns 10% or more of Amazon.com Inc.'s stock.

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: /s/ Alborz Hassani      Date: December 31, 2025

Attorney's Printed Name: Alborz Hassani

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☑   **No** ☐

Address: Morgan, Lewis & Bockius LLP

110 N. Wacker Drive, Suite 2800, Chicago, IL 60606-1511

Phone Number: (312) 324-1000      Fax Number: (312) 324-1001

E-Mail Address: al.hassani@morganlewis.com

rev. 12/19 AK

# TABLE OF CONTENTS

STATEMENT REGARDING REHEARING EN BANC ............................................ 1

BACKGROUND ................................................................................................ 3

REASONS FOR GRANTING REHEARING EN BANC ........................................... 4

    I.    The Panel's Superiority Analysis Conflicts With Circuit
        Precedent And Creates A Circuit Conflict. ............................................ 5

    II.   The Panel's Failure To Demand Any Methodology For Proving
        Damages Conflicts With Supreme Court Precedent. ............................. 8

    III.  The Panel's Independent Review Of The Record Is Clearly
        Erroneous And Raises An Important Question About Appellate
        Courts' Role In The Rigorous Analysis Rule 23 Requires. .................... 10

CONCLUSION ................................................................................................ 14

CERTIFICATE OF COMPLIANCE ................................................................... C-1

CERTIFICATE OF SERVICE ............................................................................ C-2

# TABLE OF AUTHORITIES

**Cases**

*Am. Express Co. v. Italian Colors Rest.,*
570 U.S. 228 (2013) ................................................................ 4, 8

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ................................................................ 5

*Andrews v. Chevy Chase Bank,*
545 F.3d 570 (7th Cir. 2008) .................................................. 1, 5, 7

*Bell v. PNC Bank, N.A.,*
800 F.3d 360 (7th Cir. 2015) .................................................. 12

*Butler v. Sears, Roebuck & Co.,*
727 F.3d 796 (7th Cir. 2013) .................................................. 2, 8, 10

*Carnegie v. Household Int'l, Inc.,*
376 F.3d 656 (7th Cir. 2004) .................................................. 5

*Castano v. Am. Tobacco Co.,*
84 F.3d 734 (5th Cir. 1996) .................................................... 1, 6, 7

*Comcast Corp. v. Behrend,*
569 U.S. 27 (2013) ................................................................*passim*

*Cothron v. White Castle Sys.,*
2023 IL 128004 ...................................................................... 2, 9, 10

*Espenscheid v. DirectSat USA, LLC,*
705 F.3d 770 (7th Cir. 2013) .................................................. 8, 9

*Glover v. Standard Fed. Bank,*
283 F.3d 953 (8th Cir. 2002) .................................................. 1, 6

*Mace v. Van Ru Credit Corp.,*
109 F.3d 338 (7th Cir. 1997) .................................................. 5

*Murray v. GMAC Mortg. Corp.,*
434 F.3d 948 (7th Cir. 2006) .................................................. 5

*Truesdell v. Thomas,*
889 F.3d 719 (11th Cir. 2018) ................................................ 1, 6

*Zinser v. Accufix Rsch. Inst.*,
    253 F.3d 1180 (9th Cir. 2001) ............................................................ 1, 6

**Statute**

740 ILCS 14/20(a)(3) ............................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 23 ...........................................................................*passim*

Fed. R. Civ. P. 23(b)(3)................................................................. 4, 5, 7, 8

Fed. R. Civ. P. 23(b)(3)(B) .................................................................. 7

Fed. R. Civ. P. 23(c)(1)(C) ................................................................ 14

Fed. R. Civ. P. 23(f) .............................................................................. 3

## STATEMENT REGARDING REHEARING EN BANC

The Panel's decision merits the full Court's attention and review. It conflicts with precedent from the Supreme Court and this Court and creates conflicts with at least four other circuits. The stakes could not be higher: nearly $10 billion in aggregate statutory damages under the Illinois Biometric Information Privacy Act ("BIPA"). En banc review is warranted for several reasons.

*First*, the Panel identified multiple errors in the district's court's application of Rule 23 but nonetheless blessed a class action where individual recoveries are massive and the barriers to individual suits are low. The average class member seeks $60,000 in statutory damages. Tens of thousands of class members hold claims exceeding $100,000. Hundreds hold claims exceeding $1 million. And all class members will seek awards of attorneys' fees and litigation expenses. This combination of high individual claims plus a statutory right to recovery attorneys' fees and litigation expenses alone makes class litigation inferior to individual suits. The Panel's contrary conclusion conflicts with this Court's decision in *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577–78 (7th Cir. 2008), where claims of "over $50,000, plus attorney's fees and costs" defeated superiority. It also conflicts with the decisions of at least four other circuits. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996); *Glover v. Standard Fed. Bank*, 283 F.3d 953, 965 (8th Cir. 2002); *Truesdell v. Thomas*, 889 F.3d 719, 726 (11th Cir. 2018); *Zinser v. Accufix Rsch. Inst.*, 253 F.3d 1180, 1190–91 (9th Cir. 2001). The Panel ignored *Andrews* and these cases entirely, creating a conflict between circuits without acknowledging it was doing so.

*Second*, the Panel erred by excusing Plaintiffs' failure to offer any damages methodology. The Supreme Court requires plaintiffs to establish "that damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Without such a methodology, "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class," thus defeating predominance. *Id.* Here, Illinois law makes BIPA damages "discretionary, rather than mandatory," *Cothron v. White Castle Sys.*, 2023 IL 128004 ¶ 42, and calculating damages will require more than 160,000 individualized determinations. The Panel relegated this problem to "a separate phase of the litigation." That directly contradicts *Comcast's* requirement that predominance "be satisfied by proof presented at the class certification stage rather than deferred to later stages of the case." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013).

*Finally*, the Panel's independent factfinding was clearly erroneous, raising a question of exceptional importance about the role of appellate courts in conducting the rigorous analysis Rule 23 demands. The Panel found the district court failed to conduct the rigorous analysis Rule 23 demands. It then conducted its own review. That review rests on fundamental mistakes. The Panel said IP addresses "contain indicators that roughly correlate with the location of the associated device." They do not. They correspond to regional data centers often located in different states. The Panel said geolocation data provides reliable "approximation" of user location. It does not. The data is 54% accurate at placing a device within 100 kilometers of a city—a radius that extends well beyond Illinois's borders. The Panel said class members

could prove their Illinois location through claims form "affidavits." That ignores Amazon's due process right to cross-examine witnesses. It also ignores that location is an essential element of liability, not mere class membership, and that *Comcast* forbids conditional certification.

En banc review is necessary. The Panel's decision departs from Supreme Court and circuit precedent, creates circuit conflicts, and raises questions of exceptional importance about the role of appellate courts in conducting Rule 23's rigorous analysis. A different panel of this Court granted Rule 23(f) review because guidance was needed. The Panel's decision provides none. It demands correction.

## BACKGROUND

This case arises from Amazon's "virtual try-on" feature (referred to as "VTO"), which allows customers to see how lipstick or glasses look on them before completing a purchase. Plaintiffs allege that Amazon collects biometric identifiers (akin to fingerprints) from VTO users without their consent—even though no biologically unique information is collected, no information about users' faces ever leaves their devices, and users are told exactly how the feature works before consenting to use it. Plaintiffs seek $5,000 in statutory damages under BIPA for every single use of VTO within the State of Illinois. Under Plaintiffs' theory, the average class member holds an individual claim for $60,000; tens of thousands of class members hold individual claims for more than $100,000; and hundreds of class members hold individual claims for more than $1 million. All of these class members also have additional claims for attorneys' fees and litigation costs, including expert fees. Despite these massive

individual claims and strong incentives to sue, the Panel (Judges Scudder, Rovner, and Hamilton) agreed with the district court that class litigation is superior to individual litigation.

## REASONS FOR GRANTING REHEARING EN BANC

Class certification is the "exception," not the rule. *Comcast*, 569 at 33. Rule 23 "imposes stringent requirements for certification that in practice exclude most claims." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 229, 234 (2013). That is especially true for proposed damages classes, where Rule 23(b)(3)'s demanding predominance and superiority requirements apply. *Comcast*, 569 U.S. at 34. The Panel, however, treated certification as the default outcome, defying Supreme Court and circuit precedent and creating several circuit conflicts.

A different panel of this Court (Judges Brennan, Easterbrook, and Kolar) believed immediate review of the district court's class certification decision was worthwhile. *See* Order Granting Rule 23(f) Petition. Immediate review was important not only because of the high stakes in this BIPA case, but also because of the high stakes in other BIPA class actions that are now ubiquitous in this circuit. Guidance on Rule 23's superiority and predominance requirements in cases like this was sorely needed, yet the Panel's decision provides non. In departing from circuit precedent, contradicting Supreme Court precedent, and creating circuit conflicts, the Panel's decision instead sows uncertainty and confusion. En banc review is necessary to course correct, provide the necessary guidance, and resolve the conflicts the Panel's decision creates.

# I. The Panel's Superiority Analysis Conflicts With Circuit Precedent And Creates A Circuit Conflict.

Rule 23(b)(3) demands that a class action be superior to individual litigation for a damages class to be certified. Fed. R. Civ. P. 23(b)(3). That requirement may be satisfied when "the amounts at stake for individuals [are] so small that separate suits would be impracticable." Fed. R. Civ. P. 23(b)(3) adv. comm. note to 1996 amendment; *accord Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("[O]nly a lunatic of a fanatic sues for $30."). Indeed, the class action mechanism exists "to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

Class litigation is inferior, however, when class members have incentives to pursue litigation on their own. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 616 (1997) (class litigation jeopardizes class members' ability to make "individual decisions" about their claims). One of the strongest incentives to do so is the combination of high-value individual claims and low barriers to suit—such as a statutory right to recover attorneys' fees and litigation costs. In *Andrews v. Chevy Chase Bank*, 545 F.3d 570 (7th Cir. 2008), for example, this Court held that class litigation was inferior and reversed an order granting class certification where the "typical" class member held a claim for "over $50,000, plus attorney's fees and costs." *Id.* at 577–78.[1]

---

[1]      By contrast, low individual damages ranging from $100 to $1,000 per class member, *see Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 951 (7th Cir. 2006), or

Other circuits agree. *See Castano*, 84 F.3d at 748 ("[t]he most compelling rationale for finding superiority in a class action—the existence of a negative value suit—is missing" where "individual damage claims are high" and "the prevailing party may recover attorneys' fees"); *Glover*, 283 F.3d at 965 (statutory right to recover fees and costs "permits and encourages individual consumers to raise valid ... claims," so "a class action is not necessary for justice to be done"); *Truesdell*, 889 F.3d at 726 (superiority lacking where the statute at issue "encourages individual litigation by offering liquidated damages and attorneys' fees"); *Zinser*, 253 F.3d at 1190–91 (superiority lacking because minimum damages of $50,000 per class member suggests each class member has an interest in "individually controlling ... separate actions").

Class litigation here falls plainly on the inferior side of the line. The average class member seeks $60,000 in statutory damages. Tens of thousands seek over $100,000. Hundreds seek over $1 million. Each class member may also recover "attorneys' fees and costs, including expert witness fees and other litigation expenses." 740 ILCS 14/20(a)(3). No rational plaintiff with a $60,000 claim—let alone a $1 million-plus claim—would lack an incentive to sue individually, particularly with full fee-shifting and cost-shifting.

The Panel erroneously concluded that class members "lack sufficient incentive to bring individual suits" because Plaintiffs "reported having spent over $100,000 on

---

higher individual damages without any right to recover fees and litigation costs may militate in favor of class litigation.

expert discovery." Op. 19.[2] But the Panel failed to acknowledge BIPA's fee-and-cost-recovery provision. The Panel also failed to acknowledge that its logic would allow plaintiffs to demonstrate superiority in every case (no matter the individual incentives to file suit) by needlessly incurring excessive expert costs. And, most importantly, the Panel failed to reconcile its holding with *Andrews* or acknowledge the circuit conflict—with at least the Fifth, Eighth, Ninth, and Eleventh Circuits—that the decision creates.

Instead, the Panel noted that it found the "absence" of other individual BIPA suits relating to Amazon's VTO feature "telling," citing Rule 23(b)(3)(B). *Id.* But the Panel misapprehended that rule. One factor relevant to superiority is "the extent … of any litigation concerning the controversy already begun by or against class members," Fed. R. Civ. P. 23(b)(3)(B), which is relevant to evaluating whether "separate suits" would "burden … court calendars." Fed. R. Civ. P. 23(b)(3) adv. comm. note to 1996 amendment. That is, under Rule 23(b)(3)(B), the prospect of a flood of litigation and resulting "judicial crisis" may show that class litigation is superior. *Castano*, 84 F.3d at 747–48. The rule does not imply, as the Panel erroneously concluded, that the converse is true—i.e., that the **absence** of separate suits somehow shows that individual litigation is inferior. *See id.* at 748 n.26 ("There are numerous reasons why plaintiffs with positive-value suits opt out of the tort system, including risk aversion to engaging in litigation [and] privacy concerns.").

---

[2] The Panel appeared to assume—erroneously—that each plaintiff would expend over $100,000 in expert fees, even though expert opinions prepared in any individual case could be leveraged by plaintiffs in other cases.

That is particularly true where, as here, Plaintiffs' attorney-driven BIPA claims are meritless, which would dissuade most rational VTO users from pursuing them. In any event, concerns about underenforcement can never justify class treatment because Rule 23 does not "establish an entitlement to class proceedings for the vindication of statutory rights." *Am. Exp.*, 570 U.S. at 234. Yet that is precisely the rule the Panel's decision espouses.

## II. The Panel's Failure To Demand Any Methodology For Proving Damages Conflicts With Supreme Court Precedent.

Class certification is improper under Rule 23(b)(3) unless the plaintiff offers some methodology "establishing that damages are capable of measurement on a classwide basis." *Comcast*, 569 U.S. at 34. Otherwise, "[q]uestions of individual damage calculations will ***inevitably*** overwhelm questions common to the class," thereby defeating predominance. *Id.* (emphasis added). The plaintiff need not show that all class members' damages are the same, but it must offer a "feasible method of determining damages." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 775–76 (7th Cir. 2013); *see Butler*, 727 F.3d at 801 (damages must be capable of "be[ing] ***readily determined***") (emphasis added). Damages calculations that are "mechanical" or "formulaic" satisfy the predominance requirement, whereas damages calculations that require thousands of "separate evidentiary hearings" prove that individual questions predominate and thus preclude class certification. *Espenscheid*, 705 F.3d at 773.

The district court perceived no predominance problem with calculating damages here, erroneously concluding it could use a simple formula: the number of

VTO uses multiplied by $1,000 (for negligent violations) or $5,000 (for other violations). A26. That was legal error. The Illinois Supreme Court has held that BIPA statutory damages are "*discretionary*, rather than mandatory." *Cothron*, 2023 IL 128004, ¶ 42 (emphasis added). That discretion necessarily means that the proper award for any BIPA violation is not fixed at $1,000 or $5,000. ***Discretion*** in awarding damages turns on myriad circumstances unique to each class member and each VTO use, such as whether the class member is the person who actually used VTO on their device (as opposed to a family member or friend), read and understood Amazon's disclosure about how VTO works, or knew of this lawsuit at the time they used VTO or otherwise intentionally multiplied their claims.

The Panel did not address this argument (Amazon Br. 38–44), apparently conflating it with an argument about affirmative defenses Amazon did not press on appeal. *See* Op. 16–17. But the Panel did not endorse the district court's formula, either. Instead, the Panel recognized that damages calculations will turn on ***individualized*** determinations. *See id.* As Amazon demonstrated, this will require more than 160,000 mini-trials. *See* Amazon Br. 39–40. That is alone sufficient to defeat predominance under this Court's precedent. *See Espenscheid*, 705 F.3d at 773 (holding the need for "2341 separate evidentiary hearings" on damages defeats class certification).

These individualized damages issues were of no moment to the Panel both because they "are ancillary to the central question—liability" and because they "can be handled at a separate phase of litigation." Op. 17. That conflicts with *Comcast*

twice over. First, *Comcast* makes clear that individualized issues going to the calculation of damages, rather than liability, can—and absent a method of assessing damages on a class basis, will—predominate. *Comcast*, 569 U.S. at 34. Second, as this Court has explained, the Supreme Court in *Comcast* "emphasi[zed] … the requirement of predominance and ***on its having to be satisfied by proof presented at the class certification stage rather than deferred to later stages of the case***." *Butler*, 727 F.3d at 800 (emphasis added) (citing *Comcast*, 569 U.S. at 34–35). En banc review is necessary to resolve the Panel's deviation from *Comcast*.

## III. The Panel's Independent Review Of The Record Is Clearly Erroneous And Raises An Important Question About Appellate Courts' Role In The Rigorous Analysis Rule 23 Requires.

BIPA only applies to the collection of biometric identifiers ***in Illinois.*** *See* Op. 3 ("Illinois Supreme Court precedent gives us no reason to question that proposition."). It is undisputed that, because of the VTO technology at issue, class members cannot prevail on their BIPA claims unless they prove "they were in Illinois when they used Amazon's VTO" feature. Op. 9. The Panel acknowledged this territoriality requirement is an essential element of every class member's claim that each individual class member contends gives rise to a separate BIPA claim for statutory damages. *Id.*; *see Cothron*, 2023 IL 128004, ¶ 45 (a separate BIPA claim accrues "with every scan" of biometric data).

As the Panel rightly concluded, the district court erred in refusing to analyze this essential element under the predominance rubric and, instead, treating it as merely a question of class membership. Op. 9–10. The Panel recognized that location—"the geographic place from which a class member used VTO"—is an

"individual question" that must be proved for each class member and each VTO use. Op. 11. And the Panel found that the district court's "approach was incomplete" because "[l]ocation is relevant beyond just identifying class members"; "it is also a requirement of a BIPA claim." Op. 9. Accordingly, "the district court needed to go a step further" by evaluating predominance. Op. at 9–10.

But the Panel nevertheless concluded that "it is clear from our own review that common questions predominate." Op. 10. The Panel's "own review" contains several, critical errors. For example:

- The Panel said the individualized analysis would be materially aided by "IP address and geolocation data" because "[a] cybersecurity expert testifying for Amazon" purportedly explained that "IP addresses … contain indicators that roughly correlate with the location of the associated ***device***." Op. 11–12 (emphasis added). But that expert testified IP addresses correspond to regional data centers, ***not*** devices. A365 ¶ 16. And this regional data center is often located in a ***different*** state than the one in which the VTO use itself occurred. *Id*.; *see* A366 ¶ 17 (stressing that commonly used privacy and security tools also "make IP address geolocation impossible").

- The Panel also observed that "Amazon contracts with a third-party provider to generate geolocation information, which includes an approximation of the state corresponding to the IP address of the VTO usage data." Op. 12. But the evidence shows that this "approximation" is little better than a guess—based on data that is 54% accurate at predicting that a user's device is within

100 kilometers of a given city (and only 10% accurate at predicting that the device is within 10 kilometers of the same city). A367 ¶ 19. So, a prediction that a device was in Chicago shows only that there is a 54% chance the device was somewhere within 100 kilometers of Chicago—including places outside of Illinois, like Gary, Indiana, or Kenosha, Wisconsin.

- The Panel erroneously assumed IP-geolocation data is accurate because "Amazon captures and maintains VTO usage records with full IP address information." Op. 12. But the Panel ignored the host of supervening reasons that even a full IP address is often inaccurate and unreliable. *See, e.g.,* A366–69 ¶¶ 19–20, 26–27.

Such clearly erroneous factual finding is itself an abuse of discretion. *See Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015). The Panel's independent review of the record certainly does not rise to the level of the "rigorous analysis" of predominance demanded at class certification. *See Comcast*, 569 U.S. at 35.

Perhaps most importantly, the Panel recognized that even under its flawed analysis, imprecise IP address data is available only for some class members. Op. 12.[3] But rather than contend with the morass of individual evidence required to establish this essential element of these (and every) class members' claim—evidence that the Panel itself acknowledged may "point to different states," *id.*—the Panel relegated the determination of this central issue, and those highly "individualized"

---

[3] Indeed, there is no IP address data even suggesting that either named Plaintiff ever used VTO from a location within in Illinois. The named Plaintiffs rest only on their testimony to prove this essential element of their claims.

fact-intensive inquiries, until some "final phase" after Plaintiffs "prov[e] defendant's actions relevant to liability." *Id.* at 12–13. The Panel then compounded this error by assuming that, at such later stage, a class member's say-so on a claims form "affidavit[]" ***alone*** may suffice to establish their location on each date they used VTO. *Id.* The Panel's reliance on class members' say-so was particularly misplaced in light of class members' presumed inability to recall their specific location on each specific date they used VTO during the preceding decade, and given class members' strong financial motive to inaccurately recollect their location on any such claims form "affidavit[]." *Id.* But most importantly, the Panel failed to explain how its approach could be practically implemented without trampling Amazon's due process right to cross-examine individual class members about their proffered location during each VTO use, or without devolving into hundreds or thousands of individual mini trials.

Moreover, the Panel's reliance on a claims-form affidavit as independently sufficient proof—as well as proof sufficient to resolve the inevitable conflicts the Panel recognized where the geographic evidence "point[s] to different states," *id.* at 12— misunderstands BIPA's territoriality requirement. This territorial nexus is an essential element ***of liability***: Amazon does not violate BIPA—and thus is not liable—for collecting alleged biometrics ***outside of Illinois.*** It therefore makes no sense to suggest, as the Panel did, that territoriality can be established at some later stage once liability has been established. Territoriality is part of liability. And the Panel's approach, again, fails to heed *Comcast*'s requirement that predominance be proven at the class certification stage, not at some later or "final" stage of the case.

*See supra*, p. 10.  Indeed, as the 2003 Advisory Committee explained, Rule 23 no longer allows that "class certification 'may be conditional'"; instead, "[a] court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met."  Fed. R. Civ. P. 23 adv. comm. note to 2003 amendment to Rule 23(c)(1)(C).  When predominance is not satisfied at the class-certification stage, the class should not be certified.  Full stop.

## CONCLUSION

The petition for rehearing en banc should be granted.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: December 31, 2025

s/ Elizabeth B. Herrington
Elizabeth B. Herrington
   *Counsel of Record*
Alborz Hassani
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
312.324.1000
beth.herrington@morganlewis.com
al.hassani@morganlewis.com

Stephanie Schuster
1111 Pennsylvania Avenue NW
Washington, DC 20004
202.739.3000
stephanie.schuster@morganlewis.com

Ari Micah Selman
101 Park Avenue
New York, NY 10178
212.309.6000
ari.selman@morganlewis.com

Matthew D. Klayman
2222 Market Street
Philadelphia, PA 19103
215.963.5000
matthew.klayman@morganlewis.com

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This Petition complies with Fed. R. App. P. 40(d)(3)(A) because it contains 3,543 words, excluding the parts of the Petition exempted by Fed. R. App. P. 32(f).

This Petition also complies with the typeface requirements Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Civil Procedure because this Petition has been prepared in a proportionally spaced typeface using Microsoft® Word in 12-point Century Schoolbook.

s/ Elizabeth B. Herrington
Elizabeth B. Herrington

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2025, I caused the foregoing to be electronically filed with the Clerk of the U.S. Court of Appeals for the Seventh Circuit by using the Court's appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/ Elizbeth B. Herrington</u>
Elizabeth B. Herrington