No. 25-1361

# United States Court of Appeals for the Seventh Circuit

TANYA N. SVOBODA and ANTONELLA M. ORTIZ COLOSI,

*Plaintiffs-Appellees*,

v.

AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC,

*Defendants-Appellants*.

Appeal from the United States District Court for the Northern District of Illinois
Case No. 21-cv-05336 (The Honorable Judge Jorge L. Alonso)

**BRIEF FOR UNION PACIFIC RAILROAD COMPANY
AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS-APPELLANTS'
PETITION FOR REHEARING EN BANC**

Johanna Spellman
Sean M. Berkowitz
Kathryn A. Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

January 7, 2026

*Counsel for* Amicus Curiae *Union Pacific Railroad Company*

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-1361

Short Caption: Svoboda v. Amazon.com, Inc.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

   i) Identify all its parent corporations, if any; and

   Union Pacific Corporation

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

   Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: /s/ Johanna Spellman        Date: 01/07/2026

Attorney's Printed Name: Johanna Spellman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☒No

Address: Latham & Watkins LLP

330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

Phone Number: (312) 876-7700        Fax Number: (312) 993-9767

E-Mail Address: johanna.spellman@lw.com

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-1361

Short Caption: Svoboda v. Amazon.com, Inc.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

　i) Identify all its parent corporations, if any; and

　　Union Pacific Corporation

　ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

　　Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Sean M. Berkowitz　　Date: 01/07/2026

Attorney's Printed Name: Sean M. Berkowitz

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).　Yes ☐　No ☒

Address: Latham & Watkins LLP

330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

Phone Number: (312) 876-7700　　Fax Number: (312) 993-9767

E-Mail Address: sean.berkowitz@lw.com

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-1361

Short Caption Svoboda v. Amazon.com, Inc.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

　i) Identify all its parent corporations, if any; and

　　Union Pacific Corporation

　ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

　　Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Kathryn A. Running　　Date: 01/07/2026

Attorney's Printed Name: Kathryn A. Running

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).　　Yes ☐　No ☒

Address: Latham & Watkins LLP

　　330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

Phone Number: (312) 876-7700　　Fax Number: (312) 993-9767

E-Mail Address: kathryn.running@lw.com

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-1361

Short Caption: Svoboda v. Amazon.com, Inc.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Union Pacific Railroad Company

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Latham & Watkins LLP

(3) If the party, amicus or intervenor is a corporation:

　i) Identify all its parent corporations, if any; and

　　Union Pacific Corporation

　ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

　　Union Pacific Corporation

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: /s/ Benjamin Harris   Date: 01/07/2026

Attorney's Printed Name: Benjamin Harris

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☐   No ☒

Address: Latham & Watkins LLP

　　　　1271 Avenue of the Americas, New York, NY 10020

Phone Number: (212) 906-1200   Fax Number: (212) 751-4864

E-Mail Address: ben.harris@lw.com

**TABLE OF CONTENTS**

**Page**

APPEARANCES & CIRCUIT RULE 26.1 DISCLOSURE
   STATEMENTS ................................................................................... i
TABLE OF AUTHORITIES ................................................................... vi
INTEREST OF *AMICUS CURIAE* ........................................................ 1
INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 2
ARGUMENT ............................................................................................ 2
    A.    Individualized Statutory Damages Issues Defeat Predominance .......... 2
    B.    A Class Action Is Not Superior Given The Substantial Per
        Putative Class Member Awards Plaintiffs Seek .................................. 7
CONCLUSION ......................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Asacol Antitrust Litigation,*
  907 F.3d 42 (1st Cir. 2018) .............................................................................. 6

*Bliss v. CoreCivic, Inc.,*
  711 F. Supp. 3d 1233 (D. Nev. 2024) ............................................................. 5

*Butler v. Sears, Roebuck & Co.,*
  727 F.3d 796 (7th Cir. 2013) ........................................................................... 3

*Campbell v. Facebook Inc.,*
  315 F.R.D. 250 (N.D. Cal. 2016) ................................................................ 3, 5

*Castano v. American Tobacco Co.,*
  84 F.3d 734 (5th Cir. 1996) ............................................................................. 8

*Cothron v. White Castle System, Inc.,*
  216 N.E.3d 918 (Ill. 2023) ............................................................................... 3

*DirecTV, Inc. v. Huynh,*
  2005 WL 5864467 (N.D. Cal. May 31, 2005),
  *aff'd*, 503 F.3d 847 (9th Cir. 2007) ................................................................. 3

*Mullins v. Direct Digital, LLC,*
  795 F.3d 654 (7th Cir. 2015) ........................................................................... 6

*In re Nexium Antitrust Litigation,*
  777 F.3d 9 (1st Cir. 2015) ............................................................................... 6

*In re Phenylpropanolamine (PPA) Products Liability Litigation,*
  214 F.R.D. 614 (W.D. Wash. 2003) ................................................................ 7

*In re Rhone-Poulenc Rorer, Inc.,*
  51 F.3d 1293 (7th Cir. 1995) ........................................................................... 8

*Suchanek v. Strum Foods, Inc.,*
  764 F.3d 750 (7th Cir. 2014) ........................................................................... 8

*Thompson v. American Tobacco Co.,*
  189 F.R.D. 544 (D. Minn. 1999) ..................................................................... 7

**Page(s)**

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016) ............................................................................................... 6

*Williams v. Country Mutual Insurance Co.*,
  2015 WL 9463801 (Ill. App. Dec. 24, 2015) ........................................................... 4

**STATUTES**

740 ILCS 14/20(a)(3) .................................................................................................. 8, 9

740 ILCS 190/25(a)(1)(B) ................................................................................................ 4

28 U.S.C. § 1292(b) ......................................................................................................... 1

**OTHER AUTHORITIES**

2 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 8:6 (22d ed.
  2025) ........................................................................................................................ 7

Federal Rule of Civil Procedure 23 ................................................................................. 1

## INTEREST OF *AMICUS CURIAE*

Union Pacific Railroad Company is an interstate freight railroad that owns and operates intermodal facilities in many major cities in the western United States, including in the Chicago area. Union Pacific is currently litigating three BIPA cases in the Northern District of Illinois concerning its use of finger scan technology to verify the identity of truck drivers seeking access to its Illinois intermodal facilities: *Fleury v. Union Pacific Railroad Co.*, No. 20-cv-390 (N.D. Ill. filed Jan. 17, 2020); *Payton v. Union Pacific Railroad Co.*, No. 24-cv-153 (N.D. Ill. filed Jan. 5, 2024); and *Clay v. Union Pacific Railroad Co.*, No. 24-cv-4194 (N.D. Ill. filed May 21, 2024).[1] The *Fleury* case is a putative class action in which the named plaintiffs disclosed classwide damages claims of nearly $22 billion, an average of almost $1 million per putative class member. Union Pacific submits this brief to explain why en banc review is warranted.[2]

---

[1] This Court granted Union Pacific's petition for interlocutory review under 28 U.S.C. § 1292(b) of a partial summary judgment order in *Clay*, and the case is set for oral argument on February 12, 2026. *See Clay v. Union Pac. R.R. Co.*, No. 25-2185 (7th Cir. filed July 14, 2025).

[2] No party's counsel authored this brief in whole or in part. No party or party's counsel made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amicus curiae*, its members, or its counsel made such a monetary contribution. Amazon has consented to the filing of this brief. Counsel for Union Pacific contacted Plaintiffs, who did not provide their position on the filing of this motion.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Amazon identifies three issues meriting en banc review in its petition. Union Pacific addresses two of those issues here, each of which has implications for the *Fleury* case Union Pacific is currently litigating in the Northern District of Illinois. First, the panel incorrectly concluded that class-wide issues predominate despite the discretionary and individualized nature of statutory damages assessments under BIPA. Here, as in the *Fleury* case, assessing damages will require tens of thousands of individualized adjudications, and the panel erred by not requiring Plaintiffs to show at the certification stage how those individualized adjudications could be done manageably. Second, the panel incorrectly held a class action is superior to individual litigation given that Plaintiffs seek an average recovery of $60,000 per class member and BIPA provides for recovery of attorney's fees and costs. The superiority problem is even more stark in the *Fleury* case, where Plaintiffs seek an average recovery of nearly $1 million per class member. Both of these issues have broad implications for BIPA putative class actions, further justifying en banc review.

## ARGUMENT

### A. Individualized Statutory Damages Issues Defeat Predominance

First, the panel dismissed concerns about the individualized nature of calculating damages for BIPA violations. In the panel's view, "[e]ven if individual questions about … damages remain, they do not defeat class certification, particularly where other common questions predominate." Opinion ("Op.") 16-17, ECF No. 36. And, the panel concluded, "damages … are ancillary to the central question—liability—and can be handled at a separate phase of litigation." *Id.* at 17.

The panel erred by affirming the class certification order despite the fact that individualized issues will inevitably predominate in assessing class members' entitlement to statutory damages under BIPA. Predominance under Rule 23 must be "satisfied by proof presented at the class certification stage rather than deferred to later stages in the litigation." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013); *see* Pet. for Reh'g En Banc ("Pet.") 8-10, ECF No. 39.

Damages under BIPA are not susceptible to class-wide adjudication, because damages are discretionary and depend on individualized inquiries. *See Cothron v. White Castle Sys., Inc.*, 216 N.E.3d 918, 929 (Ill. 2023) (holding that "damages [are] discretionary rather than mandatory under the Act"). Other privacy laws with discretionary statutory damage regimes illustrate the individualized nature of factors governing whether such damages should be awarded. For instance, the federal Wiretap Act provides for discretionary statutory damages that depend on individualized inquiries—including "the severity of the violation," whether the plaintiff suffered any "actual damages," and "the extent of any intrusion into the plaintiff's privacy." *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 268 (N.D. Cal. 2016); *see also DirecTV, Inc. v. Huynh*, 2005 WL 5864467, at *8 (N.D. Cal. May 31, 2005), *aff'd*, 503 F.3d 847 (9th Cir. 2007). Similar considerations attend to damages calculations under the Telephone Consumer Protection Act. *See* Final Jury Instructions 13, *Krakauer v. Dish Network, LLC*, No. 1:14-cv-333 (M.D.N.C. filed Jan. 19, 2017), Dkt. No. 293 (articulating factors such as the "severity or minimal nature of the violation"). And Illinois courts generally consider "the totality of the

3

circumstances" in determining whether to award discretionary statutory damages. *Williams v. Country Mut. Ins. Co.*, 2015 WL 9463801, at *9 (Ill. App. Dec. 24, 2015) (analyzing statutory damages in the insurance context); *see also* 740 ILCS 190/25(a)(1)(B) (articulating factors governing discretionary damages under the Illinois Civil Remedies Act, including "other exacerbating or mitigating factors").

Factors such as the severity of the violation, whether the plaintiff or putative class member suffered actual damages, and the extent of the intrusion into the plaintiff's privacy require individualized determinations. Privacy preferences vary across individuals and the extent of any privacy variation is likely to vary across individuals as a result. For instance, as Amazon pointed out in its opening brief, the "VTO features were entirely optional," and while "[s]ome shoppers used VTO features only a handful of times; others used it more than a thousand times." Amazon's Opening Br. 39-40, ECF No. 14. Some shoppers may have "understood the nature of Amazon's VTO features, including based on their personal experience and understanding of similar technologies, and decided to continue using them anyway." *Id.* at 40. These diverse experiences and factors may lead a jury to conclude that the conduct at issue did not cause a particular class member to suffer any real harm, an individualized factor that would bear on the proper award (if any) of statutory damages. *Id.* at 40-41.

Like Amazon, Union Pacific has argued that BIPA's discretionary statutory damages are not amenable to class-wide treatment, including because individual privacy preferences are relevant and require individualized inquiries. *See Fleury*

4

Opp. to Mot. for Class Cert. ("*Fleury* Opp.") 12-16, Dkt. No. 324. One of the *Fleury* plaintiffs testified he had no objection to providing his alleged biometric identifiers to Disney World and Busch Gardens, nor did he ask what those companies did with his data or whether they still retain it. *See id.* at 15. Union Pacific also presented an expert report showing that "[p]eople's preferences regarding identity verifications are highly individualized" and that such "preferences 'tend to vary across their demographic characteristics,' with '[o]lder people tend[ing] to be more privacy-protective and therefore … more concerned with the collection and use of data than younger people.'" *Id.* at 14 (alterations in original) (citations omitted). And "[p]rivacy preferences also vary depending on the purpose for which" information is being collected. *Id.*

Accordingly, the extent of any privacy intrusion, and whether an individual has a plausible claim to have suffered actual damages, will turn on each putative class member's individualized preferences. *See Campbell*, 315 F.R.D. at 268 (declining to certify damages class in a Wiretap Act case where the question of 'whether or not there was actual damage to the plaintiff' would vary between class members, and would be answered in the negative for many class members" (citation omitted)); *see also id.* at 269 ("many individual damages awards would be disproportionate, and sorting out those disproportionate damages awards would require individualized analyses that would predominate over common ones"); *Bliss v. CoreCivic, Inc.*, 711 F. Supp. 3d 1233, 1244-45 (D. Nev. 2024) (applying *Campbell* to deny class certification).

5

Defendants in BIPA cases have the right under the Due Process Clause and the Seventh Amendment to challenge a plaintiff's entitlement to damages. *See Mullins v. Direct Dig., LLC*, 795 F.3d 654, 669 (7th Cir. 2015) ("A defendant has a due process right to challenge the plaintiffs' evidence at any stage of the case, including the claims or damages stage."); *see also In re Nexium Antitrust Litig.*, 777 F.3d 9, 19-20 (1st Cir. 2015) (recognizing "defendants' Seventh Amendment and due process rights"). That right is not diminished where a plaintiff seeks to pursue her claims via a class action—a defendant retains the right to challenge at trial the evidence bearing on each putative class member's statutory damages claim. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 458 (2016) (explaining that it "would … violate[] the Rules Enabling Act" to "giv[e] plaintiffs and defendants different rights in a class proceeding than they could have asserted in an individual action"); *In re Asacol Antitrust Litig.*, 907 F.3d 42, 53 (1st Cir. 2018) (Rule 23 "provides no occasion for jettisoning the rules of evidence and procedure, the Seventh Amendment or the dictate of the Rules Enabling Act").

Thus, for each of the more than 160,000 putative class members in this case, Amazon would have the right to challenge at trial each individual's proffered evidence bearing on damages, and present its own evidence against each individual's damages claim. *See Mullins*, 795 F.3d at 671 (holding that a defendant must have "the opportunity to challenge each class member's claim to recovery during the damages phase"). Those necessary individualized evidentiary proceedings could not be obviated by, for example, affidavits attesting that each class member valued his or

6

her privacy and felt the use of Amazon's VTO features harmed his or her privacy interest. *See, e.g.*, 2 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 8:6 (22d ed. 2025) ("Courts have rejected proposals to employ class member affidavits and sworn questionnaires as substitutes for traditional individualized proofs which are, most importantly, not subject to cross-examination."); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 214 F.R.D. 614, 618–19 (W.D. Wash. 2003) (noting "sworn oaths or affidavits" would be subject to challenge by defendants and thus their use could not avoid individualized inquiries); *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 554 (D. Minn. 1999) ("Plaintiffs assume that the affidavits would constitute conclusive proof of injury. In reality, even if a questionnaire could be used to establish prima facie evidence of injury, Defendants would be permitted to cross-examine each class member[] regarding that alleged injury."). And Union Pacific would have the right to do the same for each of the more than 22,000 proposed class members in *Fleury*. By affirming the district court's class certification decision despite Plaintiffs' failure to address how tens of thousands of individualized damages adjudications could manageably be performed, the panel erred. That issue is critical to every BIPA putative class action and warrants en banc review.

### B. A Class Action Is Not Superior Given The Substantial Per Putative Class Member Awards Plaintiffs Seek

Second, the panel incorrectly held that a class action is superior despite the availability of large damages awards for each individual class member and BIPA's provision providing for fees and costs. Plaintiffs here seek an average recovery of $60,000 per class member, with many seeking over $100,000 and hundreds seeking

7

over $1 million.  *See* Opening Br. 4; *see also* Pet. 6.  And BIPA provides for "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses." 740 ILCS 14/20(a)(3).  The panel did not acknowledge the average recovery sought for class members but highlighted that "[t]he plaintiffs reported having spent over $100,000 on expert discovery related to the VTO software" at issue, despite BIPA's expert cost-shifting provision.  Op. 19.

The panel erred.  As this Court has explained, "the class device is superior [where] no rational individual plaintiff would be willing to bear the costs of th[e] lawsuit."  *Suchanek v. Strum Foods, Inc.*, 764 F.3d 750, 760 (7th Cir. 2014).  "In most class actions—and those ones in which the rationale for the procedure is most compelling—individual suits are infeasible because the claim of each class member is tiny relative to the expense of litigation."  *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1299 (7th Cir. 1995); *see also Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996) (reversing class certification order where "[t]he most compelling rationale for finding superiority in a class action—the existence of a negative value suit—[was] missing").

These principles defeat superiority in this case.  As Amazon explains, "[n]o rational plaintiff with a $60,000 claim—let alone a $1 million-plus claim—would lack an incentive to sue individually, particularly with full fee-shifting and cost-shifting." Pet. 6.  The basic rationale animating the class action device—that individual suits are "infeasible," *Rhone-Poulenc*, 51 F.3d at 1299—is absent here because the

8

individual class members have adequate incentives to pursue their own individual claims.

Nor do the other factors the panel cited—"the lack of awareness of a claim, inability to access an attorney, or complex, costly discovery"—establish superiority of the class action device here. Op. 19. BIPA claims are well known and BIPA allows the recovery of attorney's fees and costs, including expert costs, undercutting concerns about access to an attorney and the costs of discovery. 740 ILCS 14/20(a)(3).

The panel's error is underscored by the BIPA putative class action pending against Union Pacific, *Fleury v. Union Pacific Railroad Co.*, No. 20-cv-390 (N.D. Ill. filed Jan. 17, 2020), where the plaintiffs seek upwards of $21,890,385,000 in class-wide damages—an average of almost $1 million per putative class member. *Fleury* Opp. 17. Those astronomical figures show that the superiority issue in this case is far from unique, and its resolution is important for the many pending putative class cases asserting BIPA claims.

That error is further underscored by the numerous individual (non-class) BIPA suits filed in the Northern District of Illinois. As of March 2025, there were at least 79 non-class BIPA cases pending in Illinois federal and state court. *See Fleury* Opp. 18; Ex. 32 to *Fleury* Opp., Dkt. No. 324-1. Those suits include *Payton v. Union Pacific Railroad Co.*, No. 24-cv-153 (N.D. Ill. filed Jan. 5, 2024), and *Clay v. Union Pacific Railroad Co.*, No. 24-cv-4194 (N.D. Ill. filed May 21, 2024). Their existence proves beyond peradventure that BIPA's damage and fee-shifting regime provides adequate

incentives for individual plaintiffs to seek redress without resorting to the class device.

## CONCLUSION

This Court should grant Amazon's petition for rehearing en banc.

Dated: January 7, 2026

Respectfully submitted,

/s/ *Johanna Spellman*
Johanna Spellman
Sean Berkowitz
Kathryn Running
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700

Ben Harris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel for* Amicus Curiae
*Union Pacific Railroad Company*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Federal Rules of Appellate Procedure 29(a)(4) and 29(a)(5), and Circuit Rule 29 because it contains 2,411 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Seventh Circuit Rule 32(b) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using a proportionally spaced 12-point font.

/s/ *Johanna Spellman*
Johanna Spellman