No. 25-1361

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

AMAZON.COM INC. and AMAZON.COM
SERVICES, LLC,

                        Defendants-Appellants,


                              v.

TANYA N. SVOBODA and
ANTONELLA M. ORTIZ COLOSI,

                    Plaintiffs-Appellees.

On Appeal from the United
States District Court for the
Northern District of Illinois
(No. 1:21-cv-05336)
Honorable Jorge L. Alonso

---

## RESPONSE TO PETITION FOR REHEARING EN BANC

Keith J. Keogh*
Timothy J. Sostrin
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Illinois 60603
(312) 726-1092
*Attorneys for Plaintiffs-Appellees*

*\* Counsel of Record*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-8001

Short Caption: Amazon.com, Inc., et al v. Tanya Svoboda, et al

　　To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

　　The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

　　　　☐　　**PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)　　The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

　　Tanya N. Svoboda and Antonella M. Ortiz Colosi

(2)　　The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

　　Keogh Law, Ltd.

(3)　　If the party, amicus or intervenor is a corporation:

　　　　i)　　Identify all its parent corporations, if any; and

　　　　　　N/A

　　　　ii)　　list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

　　　　　　N/A

(4)　　Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

　　N/A

(5)　　Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

　　N/A

Attorney's Signature: /s/ Keith J Keogh　　　　　　Date: 1/26/2026

Attorney's Printed Name:  Keith J Keogh

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).　　**Yes** ☑　**No** ☐

Address:  55 W. Monroe Street, Suite 3390

　　Chicago, IL 60603

Phone Number:  312-726-1092　　　　　　Fax Number:  312-726-1093

E-Mail Address:  Keith@Keoghlaw.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 25-8001

Short Caption: Amazon.com, Inc., et al v. Tanya Svoboda, et al

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Tanya N. Svoboda and Antonella M. Ortiz Colosi

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Keogh Law, Ltd.

(3) If the party, amicus or intervenor is a corporation:

i) Identify all its parent corporations, if any; and

N/A

ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Timothy J. Sostrin     Date: 1/26/2026

Attorney's Printed Name: Timothy J. Sostrin

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☐    **No** ☑

Address: 55 W. Monroe Street, Suite 3390

Chicago, IL 60603

Phone Number: 312-726-1092     Fax Number: 312-726-1093

E-Mail Address: Tsostrin@Keoghlaw.com

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 25-8001

Short Caption: Amazon.com, Inc., et al v. Tanya Svoboda, et al

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

        [ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Tanya N. Svoboda and Antonella M. Ortiz Colosi

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Keogh Law, Ltd.

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Theodore H. Kuyper    Date: 1/26/2026

Attorney's Printed Name: Theodore H. Kuyper

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** [ ]  **No** [✓]

Address: 55 W. Monroe Street, Suite 3390

Chicago, IL 60603

Phone Number: 312-726-1092    Fax Number: 312-726-1093

E-Mail Address: Tkuyper@Keoghlaw.com

rev. 12/19 AK

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT .................................................................. 1

REASONS FOR DENYING REHEARING EN BANC .............................. 1

   I.   Background ............................................................................................ 1

   II.   The Panel's Decision Does Not Warrant En Banc Review ................. 2

   III.   The Panel's Decision On Superiority Follows Precedent ................... 3

   IV.   The Panel's Decision Regarding Damages Follows Precedent ........... 8

   V.   The Panel's Decision Regarding Location Follows Precedent and Raises No Questions of Exceptional Importance ............................... 11

CERTIFICATE OF COMPLIANCE ............................................................ 16

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)..................................................................... 4

*Andrews v. Chevy Chase Bank,*
545 F.3d 570 (7th Cir. 2008) ....................................................... 4

*Beaton v. SpeedyPC Software,*
907 F.3d 1018 (7th Cir. 2018) ..................................................... 15

*Blow v. Bijora, Inc.*
855 F.3d 793 (7th Cir. 2017)......................................................... 5

*Bradenberg v. Meridian Senior Living, LLC,*
564 F. Supp. 3d 627 (C.D. Ill. 2021) ........................................... 9

*Castano v. Am. Tobacco Co.,*
84 F.3d 734 (5th Cir. 1996) ............................................... 4, 5, 6, 7

*Comcast Corp. v. Behrend,*
569 U.S. 27 (2013) ........................................................................ 9

*Cothron v. White Castle Sys., Inc.,*
216 N.E.3d 918 (Ill. 2023).................................................... 8, 10

*Dancel v. Groupon, Inc.,*
949 F.3d 999 (7th Cir. 2019) ..................................................... 15

*Duron v. Unifocus (Texas), L.P.,*
18-cv-6479, Doc. 197 (N.D. Ill. Dec. 12, 2024) .......................... 1

*Eagle v. Vee Pak, Inc.,*
343 F.R.D. 552 (N.D. Ill. 2023)................................................. 11

*Easley v. Reuss,*
532 F.3d 592 (7th Cir. 2008) ......................................... 3, 12, 15

*Espenscheid v. DirectSat USA, LLC,*
705 F.3d 770–76 (7th Cir. 2013) ................................................. 8

*Glover v. Standard Fed. Bank,*
283 F.3d 953 (8th Cir. 2002) .................................................. 4, 6

*Gunderson v. Amazon.com, Inc.,*
  2025 U.S. Dist. LEXIS 227580 (N.D. Ill. Nov. 19, 2025) ........................................ 10

*Harden v. Marion Cty. Sheriff's Dep't,*
  799 F.3d 857 (7th Cir. 2015) ........................................................................... 3

*HM Holdings v. Rankin,*
  72 F.3d 562 (7th Cir. 1995) ............................................................................ 3

*Howe v. Speedway LLC,*
  2024 U.S. Dist. LEXIS 176263 (N.D. Ill. Sep. 29, 2024) ........................................ 9

*Keele v. Wexler,*
  149 F.3d 589 (7th Cir. 1998) ......................................................................... 1, 2

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
  672 F.3d 482 (7th Cir. 2012) .......................................................................... 11

*Messner v. Northshore Univ. HealthSystem,*
  669 F.3d 802 (7th Cir. 2012) .......................................................................... 11

*Mullins v. Direct Digital, LLC,*
  795 F.3d 654 (7th Cir. 2015) .......................................................................... 11

*Snider v. Heartland Beef,*
  479 F. Supp. 3d 762 (C.D. Ill. 2020) ................................................................. 9

*Tapia-Rendon v. United Tape & Finishing Co. Inc.,*
  2023 U.S. Dist. LEXIS 142773 (N.D. Ill. Aug. 15, 2023) ........................................ 10

*Truesdell v. Thomas,*
  889 F.3d 719 (11th Cir. 2018) ......................................................................... 4, 5

*Veluchamy v. FDIC,*
  706 F.3d 810 (7th Cir. 2013) ........................................................................... 3

*Zinser v. Accufix Rsch. Inst.,*
  253 F.3d 1180 (9th Cir. 2001) ......................................................................... 4, 6

**Statutes**

740 ILCS 14/15 ................................................................................................ 2

740 ILCS 14/20 ................................................................................................ 8

**Rules**

Fed. R. App. P. 32 ......................................................................................... 16

Fed. R. App. P. 40 ........................................................................... 2, 3, 12, 16

Fed. R. Civ. P. 23 ............................................................................................ 7

## REASONS FOR DENYING REHEARING EN BANC

Neither Amazon's appeal nor its current petition raise any new or unsettled issues that warrant review of class certification, let alone reversal of the Panel. Instead, the class certification order and the Panel's opinion affirming rely on well-settled Supreme Court and Seventh Circuit precedent and create no conflict with any other Circuit Court. This is not surprising as class certification is virtually universal in actions brought under the Biometric Information Privacy Act ("BIPA") and district courts have "broad discretion" to determine whether class certification is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).[1]

Thus, Amazon's contention that en banc review is necessary because the panel's decision conflicts with precedent rings hollow—no such conflict exists.

Amazon also contends the panel's decision raises "a question of exceptional importance" about the role of appellate courts in reviewing a district court's order on class certification, but Amazon doesn't even say what that purported question is, instead leaving this Court and Plaintiff to guess. When the petitioner can't even identify the question raised, it plainly does not merit en banc review.

### I. Background

Amazon encourages consumers using its website and shopping app to virtually "try on" certain products before buying them. Op. 2. These virtual try-on ("VTO") programs capture biometric data from an image of the user's face (*e.g.*

---

[1] Counsel is aware of only one court that has denied class certification in a BIPA case, and that (unwritten) decision was based on *that plaintiff's inadequacy*—not any issues that are present here. *See Duron v. Unifocus (Texas), L.P.*, 18-cv-6479, Doc. 197 (transcript of proceedings) (N.D. Ill. Dec. 12, 2024)

location and shape of lips) and combine it with computer-generated images of the product (*e.g.* lipstick or other product) to render an image of the product on the consumer's face. Op. 2.  This process worked the same for every user. Op. 5; A4.

Plaintiffs, who used the VTO in Illinois, allege Amazon, *inter alia*, gathered their biometrics without consent as required by BIPA, 740 ILCS 14/15(b).  Plaintiffs moved to certify a class of persons who had used the VTO program in Illinois.

After several rounds of briefing, including sur-replies and motions for additional authority, as well as an in-person hearing, the district court issued a lengthy and well-reasoned order that certified the following class:

> [A]ll individuals who used a virtual try-on feature on Amazon's mobile website or app while in Illinois on or after September 7, 2026.

A33.

The district court found numerous common questions concerning the functionality of the VTO software, as well as Amazon's policies for notice and consent concerning its use of Biometrics, predominated over any individual questions Amazon raised. A16, A19.  Given the efficiencies of the class device for resolving those questions, the cost-prohibitive nature of individual actions (*e.g.*, expert fees exceeding $100,000), and the lack of any individual actions filed by the class members against Amazon, the district court found class proceedings are superior to individual actions, despite Amazon's claim that the average class member stood to recover $60,000 on their own. A30-31.

## II. The Panel's Decision Does Not Warrant En Banc Review

"Rehearing en banc is not favored." Fed. R. App. P. 40(a).  It is "reserved for

truly exceptional cases." *Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008).  Given the "extraordinary circumstances necessary … the standards for granting rehearings en banc are strict." *HM Holdings v. Rankin*, 72 F.3d 562, 563 (7th Cir. 1995).

To merit en banc review, a petitioner must establish that the panel's decision conflicts with precedent or raises a concisely-stated question of exceptional importance. Fed. R. App. P. 40(b)(2).  Amazon fails to establish those standards here because the Panel's decision does not conflict with precedent but instead squarely follows it, and does not raise any question of exceptional importance.

The Panel, like the district court before it (as well as every other court to consider these issues), followed well-tread precedent in finding certification warranted. It did so in a thorough opinion that addressed all of Amazon's arguments—despite the fact that Amazon never even argued it its opening brief or its reply that the district court abused its discretion, which alone warranted denial of Amazon's appeal on its face for failing to carry its burden.[2]

### III. The Panel's Decision On Superiority Follows Precedent

In affirming the trial court' discretionary finding that superiority was satisfied, the Panel held "the district court did not abuse its discretion in finding

---

[2] The only time Amazon even mentioned abuse of discretion was in the standard of review section, which did not even assert the trial court abused its discretion.  Thus, Amazon's appeal could have been denied on that failure alone. *See Harden v. Marion Cty. Sheriff's Dep't*, 799 F.3d 857, 863 (7th Cir. 2015) ("Arguments that are raised for the first time in oral argument are forfeited."); *Veluchamy v. FDIC*, 706 F.3d 810, 816-17 (7th Cir. 2013) ("arguments raised for the first time at oral argument are waived")

that Amazon VTO users lack sufficient incentive to bring individual suits," given

the cost of expert discovery and the absence of any individual actions against

Amazon. Op. 19.  In conclusion, the Panel held as follows:

> [T]his class action will resolve virtually identical claims for potentially
> thousands of people. It will ensure uniform resolution of complex issues
> about the operation of the VTO software, preserve judicial resources,
> and promote efficiency. We agree with the district court that this suffices
> to show superiority.

Op. 20.

Amazon contends the Panel's decision on superiority conflicts with *Andrews*

*v. Chevy Chase Bank*, 545 F.3d 570 (7th Cir. 2008) and decisions from other

circuits,[3] which, according to Amazon, preclude a finding of superiority when the

potential recoveries in individual actions are high.  But those decisions did not hold

what Amazon claims.

As the Panel noted, the Supreme Court has held "the text of Rule 23(b)(3)

does not exclude from certification cases in which individual damages run high[.]"

Op. 19 (*quoting Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)).  Amazon

fails to establish that any court, much less this one, has held otherwise.

This Court's decision in *Andrews* does not preclude class actions where

individual damages are high; it simply held as a matter of law that the Truth in

Lending Act does not permit any class action for recission. 545 F.3d at 578; *id.* at

574 ("In short, the rescission remedy prescribed by TILA is procedurally and

---

[3] Amazon cites to *Castano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996), *Glover v. Standard Fed. Bank*, 283 F.3d 953 (8th Cir. 2002), *Truesdell v. Thomas*, 889 F.3d 719 (11th Cir. 2018), and *Zinser v. Accufix Rsch. Inst.*, 253 F.3d 1180 (9th Cir. 2001).

substantively incompatible with the class-action device."). Nor does Amazon attempt to explain how its reading of *Andrews* could be reconciled with this Court's precedent to the contrary. This Court has affirmed class certification where individual damages were *higher* than those Amazon claims are available here. *See , e.g.*, *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (affirming class certification in Telephone Consumer Protection Act case where 20,000 class members stood to recover $1.8 billion in statutory damages, for an average of $90,000 per class member, with many class members having significantly higher damages).

Amazon's out-of-circuit authority does not adopt a categorical rule against class actions where individual damages might be high, either. Indeed, in *Truesdell*, the Eleventh Circuit explicitly rejected such a rule. 889 F.3d at 726 ("That the Act encourages individual litigation by offering liquidated damages and attorney's fees, although <u>not dispositive</u>, is a factor the district court was entitled to consider.") (internal citation omitted).

In *Castano*, the Fifth Circuit found superiority lacking in a multi-state claim premised on personal injury because of "extensive manageability problems" including "difficult choice of law determinations, subclassing of eight claims with variations in state law, … and the difficult procedure for determining who is nicotine-dependent." 84 F.3d at 747. The court merely rejected the district court's "rationale for certification in spite of such problems." *Id.* Moreover, *Castano* found individual actions were feasible because "plaintiff's counsel … promised to inundate

5

courts with individual claims if class certification is denied." *Id.* at 748.  There is no basis for such a finding here.

In *Zinser*, nine individual lawsuits had been filed, which "indicate[d] that individual litigation may be sufficient." 253 F.3d at 1191-92. Moreover, like Amazon's other authorities, the case was unmanageable as a class action. *Id.* at 1189-90, 1192 ("[T]o determine causation and damages for each of the three claims asserted here, it is inescapable that many triable individualized issues may be presented. … The complexity of the trial would be further exacerbated to the extent that the laws of forty-eight states must be consulted to answer such questions. … In view of the formidable complexities here inherent in trying claims of negligence, products liability, and medical monitoring with differing state laws, Zinser does not persuade us that class treatment is superior[.]").

Likewise, in *Glover*, the Eighth Circuit found superiority lacking because "the inquiry in each case must necessarily be made on a loan-by-basis, therefore eliminating class treatment." 283 F.3d at 960; *id.* at 965 (reasoning "[t]his loan specific analysis is required to determine civil liability as well as measure damages under RESPA").

Surely realizing that the Panel's decision does not actually create a conflict of precedent, Amazon attacks the Panel's reasoning.  It contends the Panel should not have considered the cost of expert discovery related to the functionality of the VTO because BIPA allows for recovery of costs. Pet. 6-7.  Yet, as the Panel noted, those costs make individual litigation quite risky.  Op. 20 ("affected users may be unable

or unwilling to undertake this costly litigation alone *without any guarantee of recovery*") (emphasis added).

Amazon also attacks the Panel for considering "the absence of any meaningful VTO-related BIPA litigation against Amazon" (Op. 19), even though the federal rules of civil procedure expressly list "the extent … of any litigation concerning the controversy already begun by or against class members" as a factor to be considered in the court's superiority analysis. Fed. R. Civ. P. 23(b)(3)(B). Amazon argues this factor is only relevant to evaluating whether individual suits would burden court calendars, not assessing incentives to bring individual actions, citing an advisory committee note to the 1966 amendment to Rule 23. But that note *expressly refutes* Amazon's contention: "The court is to consider the interests of individual members of the class in controlling their own litigations and carrying them on as they see fit. *In this connection* the court should inform itself of any litigation actually pending by or against the individuals." Fed. R. Civ. P. 23(b)(3) (emphasis added and internal citations omitted).

Amazon likewise cites to the Fifth Circuit's opinion in *Castano*, which goes so far as to *require* a court to consider whether individual actions already exist before assessing the class members' incentives to bring them. 84 F.3d at 748 ("Until plaintiffs decide to file individual claims, a court cannot, from the existence of injury, presume that all or even any plaintiffs will pursue legal remedies.").

So not only is there no conflict in precedent, Amazon's attack on the Panel's reasoning is refuted by Amazon's own authorities. There are no grounds for en banc rehearing on this issue.

## IV. The Panel's Decision Regarding Damages Follows Precedent

The Panel held "it is clear from our own review that common questions predominate," and rejected Amazon's contentions that individualized questions about the damages were likely to predominate the action. Op. 10.

As the Panel noted, the BIPA provides *statutory damages* for each violation of the statute. Op. 4 (citing 740 ILCS 14/20(a)(1)-(2), which provides $1,000 for each negligent violation and $5,000 for each intentional or reckless violation). Moreover, a separate statutory violation accrues with every scan of biometric data. Op. 4 (citing *Cothron v. White Castle Sys., Inc.*, 216 N.E.3d 918, 929 (Ill. 2023), as modified on denial of reh'g (July 18, 2023)).

Accordingly, the district court correctly held that damages can be "assessed on a common per-scan basis across the class." A26. The Panel did not reject that holding. As Amazon concedes, "[d]amages calculations that are 'mechanical' or 'formulaic' satisfy the predominance requirement." Pet. 8 (quoting *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 775–76 (7th Cir. 2013)). And it is hard to envision a more mechanical or formulaic calculation than simply multiplying the number of violations by a statutory damages award—"a task not for a trier of fact but for a computer program." *Espenscheid*, 705 F.3d at 773.

Despite the simplicity of this statutory scheme, Amazon contends the Panel's

decision conflicts with *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), which requires a plaintiff to establish a methodology for determining damages. Pet. 8.  Yet that is exactly what Plaintiffs did here, and the methodology could not be simpler.

Amazon contends the district court must individually assess the class member's states of mind to assess damages.[4]  Yet, the provision of statutory damages in the amount of $1,000 for negligent violations, and $5,000 for intentional or reckless violations, requires the court to assess *the defendant's state of mind*—not that of the class members, which has no bearing on the issue. *See Howe v. Speedway LLC*, 2024 U.S. Dist. LEXIS 176263, *55 (N.D. Ill. Sep. 29, 2024) ("whether Speedway acted negligently or recklessly will turn on the common question of Speedway's state of mind when it took actions applicable to all class members.").

In its principal brief, Amazon contended that its affirmative defenses, including failure to mitigate, consent, estoppel, and waiver, required this assessment of the class members' states of mind. App. Br. 40-42.  But it now contends (falsely) that it did not press those defenses on appeal and expressly abandons them. Pet. 9 (contending "the panel apparently conflat[ed] [Amazon's argument about damages] with an argument about affirmative defenses Amazon did not press on appeal.").[5]

---

[4] *See* App. Br. 42 (listing questions Amazon believes are necessary, such as "Why did the shopper use a VTO feature?" and "What did the shopper understand about VTO features when using them?")

[5] It is not surprising that Amazon now abandons the argument as BIPA "plainly appears to abrogate" such common-law defenses. *Snider v. Heartland Beef*, 479 F. Supp. 3d 762, 772 (C.D. Ill. 2020); *accord Bradenberg v. Meridian Senior Living,*

That leaves a single basis for Amazon's argument: a line of *dicta* in *Cothron* that the Illinois legislature may have made BIPA damages "discretionary rather than mandatory" under BIPA. *Cothron,* 216 N.E.3d at 929.[6] Yet *Cothron* merely observed that a trial court has discretion to fashion a damages award (post-certification) based on the defendant's overall conduct and ability to pay, which has always been the case under the Due Process protections of the Constitution. *Id.* ("there is no language in the Act suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business").

Nothing in *Cothron* suggests a court must conduct individualized inquiries to assess each class members' state of mind before deciding whether to award $1,000 or $5,000 for a violation, and Amazon cannot cite any authority that supports its theory. As other courts have held, "the fact that damages under BIPA are discretionary 'does not mean that they cannot be awarded in a common class-wide manner.'" *Gunderson v. Amazon.com, Inc.,* 2025 U.S. Dist. LEXIS 227580, * 43 (N.D. Ill. Nov. 19, 2025) (quoting *Tapia-Rendon v. United Tape & Finishing Co. Inc.*, 2023 U.S. Dist. LEXIS 142773, at *17 (N.D. Ill. Aug. 15, 2023)). The Panel correctly rejected Amazon's argument individualized inquiries regarding damages

---

*LLC*, 564 F. Supp. 3d 627, 635 (C.D. Ill. 2021) (concluding BIPA's "statutory language makes clear" common-law defenses are "not available").

[6] Amicus Curiae Union Pacific also relies solely on this single line of *dicta* in *Cothron* in arguing that statutory damages under BIPA cannot be resolved on a class-wide basis. Its argument fails for the same reason as Amazon's. The class members' states of mind, or whether they suffered "actual damages," have no bearing on an assessment of statutory damages under BIPA, and neither Amazon nor Union Pacific can point to any authority establishing otherwise.

would predominate this action, if they even exist at all. Op 16 ("Even if individual questions about the remaining defenses and damages remain, they do not defeat class certification, particularly where other common questions predominate.").

Of course, even if a different formula were required, applying it would not predominate even if some individual inquiry were required. *See Eagle v. Vee Pak, Inc.*, 343 F.R.D. 552, 579 (N.D. Ill. 2023) ("even if the Court must conduct an individualized damages inquiry as to every class member, 'at least it wouldn't be necessary in each of those trials to determine whether the challenged practices were unlawful'") (quoting *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 491 (7th Cir. 2012)). Indeed, "[i]t is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (collecting cases); *accord Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015) ("It has long been recognized that the need for individual damages determinations at [a] later stage of the litigation does not itself justify the denial of certification.").

Accordingly, there are no grounds for en banc review on this issue.

## V.  The Panel's Decision Regarding Location Follows Precedent and Raises No Questions of Exceptional Importance

As the final basis for en banc review, Amazon contends the Panel's review of the record concerning the evidence available to establish the location of the class members when they used the VTO "raises questions of exceptional importance about the role of appellate courts in conducting Rule 23's rigorous analysis." Pet. 3.

But Amazon never identifies what those questions are, so its petition on this issue fails right of the gate. *See* Fed. R. App. P. 40(b)(2) (requiring petition to "concisely state" the specific questions raised).

What Amazon actually argues is that the panel made "several critical errors" in its review of the record. Pet. 11. Yet Panel errors are not sufficient grounds for en banc review. *Compare* Fed. R. App. P. 40(b)(1) (setting forth standard for panel review and requiring petition to identify facts that the panel "has overlooked or misapprehended"), *with* Fed. R. App. P. 40(b)(2) (setting forth appropriate grounds for en banc rehearing and saying nothing about Panel errors).

As this Court held in *Easley*, "en banc rehearing has a different focus than panel rehearing. *Panel rehearings* are designed as a mechanism for the panel to *correct its own errors* in the reading of the factual record or the law, rehearings en banc are designed to address issues that affect the integrity of the circuit's case law (intra-circuit conflicts) and the development of the law (questions of exceptional importance). 532 F.3d at 594 (emphasis added). Thus, to the extent Amazon believed the Panel made errors in its reading of the record, it should have moved for panel rehearing, not en banc review.

In any event, Amazon identifies no errors but instead nitpicks semantics and relies on misdirection. The district court found Amazon maintains several data points bearing on the location of the user during the VTO use. First, each Amazon account has a registered billing address. A6. Second, Amazon maintains data showing the Internet Protocol (IP) address associated with each recorded VTO use.

A6.  The IP Addresses are assigned by internet providers to the devices based on where they connect to the internet, and as such, have regional indicators that correlate with geography. A6.  Third, Amazon maintains geolocation data that show the country and state of the user for each recorded VTO use. A7.

The district court found these data points are generally reliable, as the majority of VTO records with an Illinois billing address also have an Illinois IP address according to Amazon's geo-locator data. A21-22.  It further found claim-form affidavits can be used as an additional cross-check if needed. A25.

Amazon first complains about the Panel's description of its expert's testimony – "IP addresses, the expert explained, contain indicators that roughly correlate with the location of the associated device." Op. 11.  Amazon says no, the expert actually testified that IP addresses reflect the location of regional data centers, not devices. Pet. 11.  This is two different ways of saying the same thing.  As the district court found, an IP address "reflects the location of a data center controlled by the user's internet-service provider, which *generally is within the same geographic area as the user*." A20 (emphasis added).[7]

Next, Amazon complains about the Panel's observation that "Amazon contracts with a third-party provider to generate geolocation information, which includes an approximation of the state corresponding to the IP address of the VTO usage data." Op. 12.  Amazon does not actually contend the Panel made an error

---

[7] Amazon's contention that the data centers are "often" located in other states is not supported by the evidence.  It is not based on any data or testing, but instead on a single *hypothetical* assertion. A365 ¶16.

here, as Amazon does maintain geolocation data that show the country and state (e.g. Illinois) of the user for each recorded VTO use. A7.   Instead, Amazon tries misdirection, contending the state identified in its records is based on data that is only 54% accurate for predicting whether a device is located within 100 kilometers of a given city. Pet. 11-12.  Yet what Amazon is actually citing is a test its geolocation vendor did in September 2023 which showed the vendor was able to "correctly resolve cellular and broadband IP addresses to a city *74%* of the time within a 100km radius," a significantly higher figure than the 54% Amazon claims here. App. Br. at 31; A366 (¶19) (emphasis added).  As the Panel correctly noted, the 54% figure was vendor's "lowest estimate," and was for IP address on *cellular networks only*, which Amazon should have acknowledged, given that the class is comprised of VTO connections both *on broadband and* cellular networks. Op. 15; A366 at ¶ 19.

Lastly, Amazon takes issue with one of the Panel's statements about an additional source of evidence bearing on the class members' locations – IP addresses that Amazon itself collects during the VTO use.  Specifically, the Panel noted that a witness for Amazon testified "Amazon captures and maintains VTO usage records with full IP address information." Op. 12.  Amazon doesn't contest that this is a fact; instead it accuses the Panel of "ignoring" evidence that sometimes even full IP addresses can be unreliable for establishing location. Pet. 12.

Yet the Panel did not find that IP addresses alone resolve the question. Instead, it recognized that while "[n]o proxy alone may suffice or be perfect to prove

location," the geolocation data and IP addresses, "combined with billing addresses and affidavits, can prove a claimant was more likely than not in Illinois when they used the VTO." Op. 15.  Accordingly, it held that "the district court did not abuse its discretion in finding that the combination of billing addresses, IP and geolocation data, and affidavits make the locational element manageable." Op. 15.

Amazon disagrees with the use of affidavits, but that is no basis for en banc review.  This Court has repeatedly upheld the use of affidavits—even to resolve questions of liability—particularly where, as here, the affidavits will be used to "clean up individual questions left over after some other, common question has been decided." *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1010 (7th Cir. 2019); *see also Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1029-30 (7th Cir. 2018).  As the Panel held, Amazon "will still have the opportunity to challenge class members' individual proof of location" and can "present evidence challenging particular affidavits." Op. 15.  A "defendant's due process rights are not harmed by case management tools for individual inquiries." Op. 15. (citing *Beaton*, 907 F.3d at 1030).

Identifying no conflict with precedent and no question of exceptional importance, Amazon has failed to establish that en banc review is warranted.  Its petition should be denied.

Respectfully submitted,

/s/ Timothy J. Sostrin
Attorney for Plaintiffs-Appellees

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This response complies with the length limitation of Fed. R. App. P. 40(d)(3), as modified by the Court's order of January 12, 2026 (Doc. 49) because it does not exceed 15 pages.

2.     This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A), as modified by Circuit Rule 32, and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared using Microsoft Word for Office 365 in 12-point Century Schoolbook, a proportionally spaced typeface.

Dated: January 26, 2026

<u>/s/ Timothy J. Sostrin</u>
Attorney for Plaintiffs-Appellees
