# No. 25-1361

## Tanya Svoboda and Antonella M. Ortiz Colosi,

*Plaintiffs-Appellees,*

**v.**

## Amazon.com, Inc. and Amazon.com Services LLC,

*Defendants-Appellees.*

**On Appeal from the United States District Court for the Northern District of Illinois, No. 1:21-cv-005336, District Judge Jorge L. Alonso**

# APPELLANTS' MOTION TO STAY THE MANDATE

MORGAN, LEWIS & BOCKIUS LLP

Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000

Matthew D. Klayman
2222 Market Street
Philadelphia, PA 19103
215.963.5000

Elizabeth Herrington
*Counsel of Record*
Alborz Hassani
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
312.324.1000

Ari Micah Selman
101 Park Avenue
New York, NY 10178
212.309.6000

*Counsel for Defendants-Appellants*

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 41, Appellants Amazon.com, Inc. and Amazon.com Services, LLC ("Amazon") respectfully ask the Court to stay the issuance of its mandate while they petition for a writ of certiorari to the Supreme Court. Amazon readily meets the standard for a stay of the mandate. The Court's decision in this case implicates a circuit split on whether the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) can be satisfied when individual class members hold valuable individual claims and a right to recover attorneys' fees and litigation costs. That legal issue is ripe for Supreme Court review.

In addition, denying a stay irreparably harms Amazon. Absent a stay, Amazon would be required to obtain extensive discovery from absent class members on the "individual question" of "[l]ocation—the geographic place from which a class member used the VTO [virtual try-on technology]," since VTO use in Illinois is "a requirement of a BIPA claim." Op. 11. Such discovery is crucial to exercise Amazon's acknowledged due process right to "challenge the reliability of the location data on the merits," "contest the credibility of subgroups—such as class members for whom there is no geolocation data," and enable Amazon to "present evidence challenging particular affidavits" at trial. *Id.* at 15.

On top of this, Amazon must engage in extensive expert discovery—anticipated to involve half a dozen or more experts on each side—and prepare for a trial involving thousands of "individualized inquiries." *Id.* at 6. Amazon must do this all while Plaintiffs seek to use the in terrorem effect of this Court's ruling to exert maximum

1

pressure to resolve the case, without regard to its merit, because of the billions in aggregate dollars sought by the class. By contrast, a stay would inflict no substantial injury on Plaintiffs. For these reasons, a stay of the mandate is appropriate and warranted here.

## ARGUMENT

A stay of an appellate mandate is warranted when the anticipated petition for a writ of certiorari "would present a substantial question" and "there is good cause for a stay." Fed. R. App. P. 41(d)(1). When applying these requirements, the Court has looked to the standard the Supreme Court applies when it is asked to stay a court of appeals mandate. *See, e.g.*, *Al-Marbu v. Mukasey*, 525 F.3d 497, 499 (7th Cir. 2008); *Books v. City of Elkhart*, 239 F.3d 826, 827–28 (7th Cir. 2001); *see also* Fed. R. App. P. 41 Adv. Comm. notes on 1994 amendment (referring to conditions the Supreme Court requires "be met before it will stay a mandate" when addressing the "showing that needs to be made").

Under that standard, a "substantial question" is one for which there is a "reasonable probability" certiorari will be granted and a "fair prospect" of ultimate success on the merits. *Maryland v. King*, 567 U.S. 1301, 1302 (2012) (Roberts, C.J., in chambers). In addition, "good cause" exists when it is likely "irreparable harm will result from the denial of a stay." *Id.* (cleaned up). These standards are satisfied here, as explained below.

**I. Amazon's Petition For A Writ Of Certiorari Will Present A Substantial Question.**

Circuit conflicts on important matters will establish a reasonable probability the Supreme Court will grant certiorari to resolve the conflict. *King*, 567 U.S. at 1303; Sup. Ct. R. 10(a) (considerations governing review on writ of certiorari include whether the decision is "in conflict with the decision of another United States court of appeals on the same important matter"); *accord U.S. ex rel. Chandler v. Cook County*, 282 F.3d 448, 450 (7th Cir. 2002). The Court's decision here conflicts with the decisions of other circuits.

Amazon's anticipated petition will present the question whether Rule 23(b)(3)'s superiority requirement can be satisfied in a case, like this one, where class members hold massive individual claims *and* have statutory incentives to bring individual suits. Here, the average class member holds an individual claim for $60,000 plus a statutory right to recover attorneys' fees and litigation costs. *See* 740 ILCS 14/20(a)(3) (successful plaintiffs entitled to recover "attorneys' fees and costs, including expert witness fees and other litigation expenses"). Tens of thousands of class members hold individual claims for over $100,000, plus attorneys' fees and litigation costs. And hundreds of class members hold individual claims for more than $1 million, plus attorneys' fees and litigation costs.

Despite these high stakes and statutory fee-shifting, the Court held that individual class members "lack sufficient incentive to bring individual suits" and, therefore, that the superiority requirement is satisfied here. Op. 19. That holding conflicts with decisions of the Fifth, Eighth, Ninth, and Eleventh Circuits. *See*

*Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996) ("[t]he most compelling rationale for finding superiority in a class action—the existence of a negative value suit—is missing" where "individual damage claims are high" and "the prevailing party may recover attorneys' fees"); *Glover v. Standard Fed. Bank*, 283 F.3d 953, 965 (8th Cir. 2002) (statutory right to recover fees and costs "permits and encourages individual consumers to raise valid ... claims," so "a class action is not necessary for justice to be done"); *Truesdell v. Thomas*, 889 F.3d 719, 726 (11th Cir. 2018) (superiority lacking where the statute at issue "encourages individual litigation by offering liquidated damages and attorneys' fees"); *Zinser v. Accufix Rsch. Inst.*, 253 F.3d 1180, 1190–91 (9th Cir. 2001) (superiority lacking because minimum damages of $50,000 per class member suggests each class member has an interest in "individually controlling … separate actions").

This circuit conflict implicates an issue of enormous significance for Amazon, which faces billions of dollars in classwide liability here, and for the hundreds of defendants facing similar BIPA class actions where class members hold large individual claims (and the same right to recover attorneys' fees and costs). *See, e.g.*, ECF No. 47 (Union Pacific's amicus brief in support of rehearing en banc). More broadly, this circuit conflict impacts an issue at the heart of countless class actions seeking statutory or liquidated damages, all of which must satisfy Rule 23(b)(3)'s superiority requirement.

Thus, there is a reasonable probability the Supreme Court will grant certiorari. Indeed, the Supreme Court often takes up questions implicating Rule 23(b)(3). *See*

*Lab'y Corp. Holdings v. Davis*, 145 S. Ct. 1133 (2025); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016); *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014); *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013); *Amgen Inc. v. Conn. Retirement Plans & Tr. Funds*, 568 U.S. 455 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Moreover, as evidenced by the circuit split, either outcome is reasonably possible here, and that shows a "fair prospect" that, if certiorari is granted, the Supreme Court will reverse. *See, e.g., King*, 567 U.S. at 1303 ("considered analysis" on each side of a split shows "a fair prospect that this Court will reverse").

## II.     There Is Good Cause For A Stay.

If the mandate issues, Amazon will be irreparably harmed if forced to prosecute expansive discovery of absent class members, exchange expert discovery on a wide range of issues, and prepare for trial on a massive scale. The Court left the class certification order intact, despite acknowledging that: (i) *each* class member must show they were in Illinois for *each individual* VTO use that they contend violates BIPA, Op. 9–10; and (ii) the amount of damages awarded to each individual class member will turn on individualized determinations of their physical location on each date they used VTO. *Id.* at 11. This is because "[l]ocation is relevant beyond just identifying class members"; "it is also a requirement of a BIPA claim." *Id.* at 9–10.

The Court made clear that "the geographic place from which a class member used the VTO" constitutes an "individual question." *Id.* at 11. And the Court emphasized that, for some class members, no classwide data may exist; for others,

individual and classwide data may conflict; and for still others, classwide proof may be "out of date" or unreliable:

> [C]ommon proof of location including billing address and geolocation information will be available for some claimants. But, as the district court acknowledged, individualized inquiries will be necessary for others. For example, where billing address and geolocation data point to different states, or are unavailable for an alleged VTO use, individual affidavits or other proof will be necessary to show that the claimant used the VTO in Illinois.

*Id.* at 12, 15. So, Amazon will need to conduct individualized inquiries for thousands of individual class members.

What this all means is that, to exercise its due process right to litigate its defenses, Amazon will need to develop during discovery—and then subsequently present at trial—individualized evidence on absent class members, as well as numerous subgroups thereof. Such evidence will include, in particular, proof that numerous individual class members, as well as numerous subgroups of class members, were not in Illinois when they used VTO:

> The company will still have the opportunity to challenge class members' individual proof of location. It can choose to challenge the reliability of the location data on the merits, contest the credibility of subgroups—such as class members for whom there is no geolocation data—or present evidence challenging particular affidavits.

*Id.* at 15. However, Amazon will have undertaken this enormous burden for naught if the Supreme Court grants the petition for a writ of certiorari and reverses.

On top of this, Amazon anticipates that each side will engage half a dozen or more experts. Preparation of opening and rebuttal reports for each expert, taking and defending each expert's deposition, and litigating and resolving associated *Daubert* motions all will require an enormous expenditure of judicial and party

resources—all of which, again, would be for naught if the Supreme Court grants the petition and reverses.

Compounding this exceptional cost and burden, Plaintiffs seek to use this Court's ruling, and the prospect of aggregate, statutory damages of nearly $10 billion, to exert maximum pressure to resolve the case. Such pressure has nothing to do with the merits of the claims. A class action defendant "[f]aced with even the small chance of a devastating loss" may be pressured into settling questionable claims. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011). The mere "potential for uncertainty and disruption in a lawsuit" alone might "allow plaintiffs with weak claims to extort settlements from [an] innocent compan[y]." *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 149 (2008).

The in terrorem effect of class certification here was good reason for the Court to grant Amazon's Rule 23(f) petition. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) ("[W]hen the stakes are large and the risk of a settlement or other disposition that does not reflect the merits of the claim is substantial, an appeal under Rule 23(f) is in order."); *see also Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 296 n.7 (2014) (Thomas, J., concurring) (observing that "the substantial *in terrorem* settlement pressures brought to bear by certification" may deprive parties of the opportunity for resolution on the merits). And it constitutes equally good a reason to stay the mandate pending Amazon's filing of a petition for a writ of certiorari.

By contrast, a stay of the mandate will not substantially harm Plaintiffs. The parties have put class litigation on hold pending this Court's consideration of Amazon's interlocutory appeal of the class certification order. Plaintiffs will not be harmed by extending that stay, in the event certiorari is denied, by a few more months.

**CONCLUSION**

The Court should stay the mandate pending Amazon's filing of a petition for a writ of certiorari.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: March 12, 2026

s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington
  *Counsel of Record*
Alborz Hassani
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
312.324.1000
beth.herrington@morganlewis.com
al.hassani@morganlewis.com

Stephanie Schuster
1111 Pennsylvania Avenue NW
Washington, DC 20004
202.739.3000
stephanie.schuster@morganlewis.com

Ari Micah Selman
101 Park Avenue
New York, NY 10178
212.309.6000
ari.selman@morganlewis.com

Matthew D. Klayman
2222 Market Street
Philadelphia, PA 19103
215.963.5000
matthew.klayman@morganlewis.com

*Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this brief meets the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,950 words.

*s/ Elizabeth B. Herrington*
Elizabeth B. Herrington

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I caused the foregoing to be electronically filed with the Clerk of the U.S. Court of Appeals for the Seventh Circuit by using the Court's appellate CM/ECF system.

s/ Elizbeth B. Herrington  
Elizabeth B. Herrington
